FILED

2014 DEC 31  AM 11: 24

MIDDLE D... ... FLORI...
JACKSO...VIL...,FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD SWIFT, on behalf of
himself and all others similarly situated,

Case No. 3:14-cv-1539-J-34PDB

Plaintiff,

CLASS ACTION

v.

DEMAND FOR JURY TRIAL

BANK OF AMERICA CORPORATION,
NB HOLDINGS CORPORATION and
FIA CARD SERVICES, N.A.,

Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Richard Swift ("**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendants, Bank of America Corporation, NB Holdings Corporation, and FIA Card Services, N.A. (collectively, "**Defendants**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1.  Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendants in negligently or knowingly and/or willfully placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("**TCPA**").

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, which is a law of the United States. This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willfully placed in violation of the TCPA, exclusive of attorney fees, pre-judgment interest, and costs, and is a class action in which Plaintiff is a citizen of a state different from Defendants.

3. Under 28 U.S.C. §§ 1391, venue is proper in the Middle District of Florida (Jacksonville Division) because many of the acts giving rise to this action occurred in this District, Defendants conduct business in this District, and have intentionally availed themselves of the laws and markets within this District.

## PARTIES

4. Plaintiff, Richard Swift, is and was at all times relevant to this matter a resident of the state of Florida, residing in Jacksonville, Duval County, Florida.

5. Defendant, Bank of America Corporation ("**BAC**"), is a Delaware corporation and owner of Defendants, NB Holdings Corporation and FIA Card Services, N.A. At all times relevant to this matter, BAC was a citizen of the state of North Carolina with a principal place of business and corporate headquarters in Charlotte, North Carolina. Defendant is a multinational banking and financial services corporation.

6. Defendant, NB Holdings Corporation ("**NB Holdings**"), is a Delaware corporation, wholly owned subsidiary of Defendant BAC, and owner of Defendant FIA Card

Services, N.A. At all times relevant to this matter, NB Holdings was a citizen of the state of Delaware with a principal place of business and corporate headquarters in Charlotte, North Carolina. Defendant is a bank holding company.

7. Defendant, FIA Card Services, N.A. ("FIA"), is a Delaware corporation and wholly owned subsidiary of Defendant NB Holdings. At all times relevant to this matter, FIA was a citizen of the state of Delaware with a principal place of business and corporate headquarters in Wilmington, Delaware. FIA is a credit card lender and provider of retail deposit, consumer loan, and insurance products.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

8. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

9. Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

10. According to the Federal Communications Commission, the agency authorized by Congress to regulate compliance with the TCPA, the placement of unwanted calls to cellular telephones can be intrusive and costly for consumers.

### FACTUAL ALLEGATIONS

11. At all relevant times, Plaintiff was an individual residing in the state of Florida. He is a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff has been a Sprint wireless subscriber and holder of his cellular telephone number since November 2013.

13. Beginning in August 2014, Defendants placed twenty (20) or more calls to Plaintiff's cellular telephone regarding a debt allegedly owed by a person named Nathaniel, a person unknown to Plaintiff.

14. Plaintiff did not provide his cellular telephone number to Defendants, nor did Plaintiff ever provide express consent for Defendants to place calls to his cellular telephone regarding debts owed by a person named Nathaniel.

15. Notwithstanding the fact that Plaintiff did not provide Defendants with his cellular telephone number or prior express consent to call him regarding debts owed by Nathaniel, Defendants used an automatic telephone-dialing system, as described in 47 U.S.C. § 227(a)(1), to place the aforementioned calls to Plaintiff and putative Class Members.

16. Plaintiff answered several of Defendants' calls to his cellular telephone and requested that Defendants stop calling him regarding Nathaniel's debt. Plaintiff also initiated calls to Defendants to reiterate his request, but Defendants continued to call.

17. The telephone number Defendants used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

18. The pertinent calls were not placed for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

19. Defendants' placement of calls using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

20. In accord with the TCPA and the FCC's January 4, 2008 Declaratory Ruling, Defendants must demonstrate that Plaintiff provided prior express consent to receive calls on his cellular telephone regarding Nathaniel's debt within the meaning of the TCPA.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated,. Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between February 1, 2013 and the present, received a non-emergency call from Bank of America Corporation, NB Holdings Corporation, or FIA Card Services, N.A., or any of their affiliates or subsidiaries, to a cellular telephone through the use of an automatic telephone-dialing system, and who did not provide prior express consent to receive such calls.

The Class definition is subject to amendment as needed.

22. Excluded from the Class are Defendants, their employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel.

23. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress. Members of the above-defined Class can be easily identified through Defendants' records.

### Numerosity

24. At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, the volume of credit cards issued by Defendants affirms that Class Members likely number in the thousands or hundreds of thousands, and are geographically disbursed throughout the country.

25. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

### Predominance of Common Questions of Law and Fact

26. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

   a. whether Defendants use an automatic telephone-dialing system to place calls to cellular telephones;

   b. whether between February 1, 2013 and the present, Defendants used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;

   c. whether Defendants are subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

   d. whether Defendants can show that they obtained prior express consent from Plaintiff and putative Class Members to place calls to their cellular telephones using an automatic telephone-dialing system;

   e. whether Defendants' conduct violates the TCPA;

   f. whether Defendants' conduct was negligent;

   g. whether Defendants' conduct was knowing and/or willful;

   h. whether Defendants are liable for damages, and the amount of such damages;

   i. whether Plaintiff and putative Class Members are entitled to declaratory relief;

j. whether Defendants should be enjoined from engaging in such conduct in the future; and

k. whether Plaintiff and Class Members are entitled to any other remedy.

### Typicality

27. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendants' uniform misconduct – the placement of calls to cellular telephones for non-emergency purposes and without prior express consent.

28. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendants' conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

29. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

b. Absent a Class, the Class Members will continue to suffer damage and Defendants' violations of the TCPA will continue without remedy;

c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed and continue to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e. When the liability of Defendants has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f. No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendants' uniform misconduct;

g. The litigation and trial of Plaintiff's claims are manageable;

h. Defendants have acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls to their cellular telephones for non-

      emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

    i. Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendants. Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action. As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I

**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***

31. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 30.

32. Without prior express consent, Defendants placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

33. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

34. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every non-emergency call placed in violation of the TCPA.

35. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

36. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## COUNT II

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act
47 U.S.C. §§ 227, *et seq.***

37. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 30.

38. Without prior express consent, Defendants placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

39. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq.*

40. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

41. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

42. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendants:

A. $500.00 in statutory damages for each and every call negligently placed by Defendants in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B. $1,500.00 in statutory damages for each and every call willfully and/or knowingly placed by Defendants in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Injunctive relief prohibiting future violations of the TCPA;

D. An award of attorney fees and costs to counsel for Plaintiff's counsel;

E. An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

F. Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts triable by jury.

Dated: December 30, 2014                    Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

/s/ Jonathan B. Cohen
Jonathan B. Cohen (Florida Bar No. 0027620)
John A. Yanchunis (Florida Bar No. 324681)
201 N. Franklin St., 7th Floor

Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jcohen@forthepeople.com
jyanchunis@forthepeople.com

*Attorneys for Plaintiff*