UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD SWIFT,
Individually and on behalf of others similarly
situated,
      Plaintiff,

v.                                                     Case No. 3:14-cv-1539-J-20PDB

BANK OF AMERICA CORPORATION, et. al.

      Defendant.
_____/

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR CLASS NOTICE

This cause is before this Court on "Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class" (Dkt. 36) and "Plaintiff's Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class" (Dkt. 37).

WHEREAS, this action is pending before this Court entitled *Swift v. Bank of America Corporation, et al.*, Case No. 3:14-cv-1539-J-20PDB ("Action");

WHEREAS, this Court has received the Stipulation and Agreement of Settlement dated April 19, 2016 ("Stipulation"), that has been entered into by the Settling Parties, and this Court has reviewed the Stipulation and the exhibits annexed thereto (collectively, the "Exhibits");

WHEREAS, Plaintiff has filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Motion"), pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action and certification of the Settlement Class, in accordance with the Stipulation which, together with the Exhibits, sets forth the terms and conditions for a proposed settlement of the Action on a class-wide

basis ("Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and this Court having read and considered the Stipulation, the Exhibits and Plaintiff's Motion and Memorandum of Law in support thereof; and

WHEREAS, all capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Settlement Approval Hearing described below.

2. This Court hereby preliminarily certifies the Settlement Class set forth in the Stipulation and the Settlement, subject to further consideration at the Final Settlement Approval Hearing described below.

3. A hearing ("Final Settlement Approval Hearing") shall be held before this Court on July 13, 2016 at 1:30 p.m., at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, Courtroom 10C, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation should be approved by this Court as fair, reasonable and adequate to the Settlement Class Members; whether, thereafter, the Action should be dismissed with prejudice; whether the proposed Plan of Distribution, as set forth in the Notice of Proposed Settlement of Class Action ("Notice"), should be approved; whether the Class Representative shall be given a service award and in what amount, and whether the motion of Class Counsel for the payment of attorneys' fees, costs and expenses incurred in connection with the Action should be granted, and in what amounts. This Court may adjourn the Final Settlement Approval Hearing without further notice to the Settlement Class Members.

4. This Court approves, as to form and content, the Notice of Proposed Settlement of Class

Action ("Notice") attached to the Stipulation of Settlement as Exhibit A-3, and finds that the mailing and distribution of the Notice in the manner and form set forth in paragraph 5 of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and Due Process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Epiq Systems, Inc. or its successor ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below:

(a) Not later than May 18, 2016, which is twenty-one (21) business days following the date of this Order Preliminarily Approving Settlement and Providing for Notice ("Notice Date"), Class Counsel shall cause the Settlement Administrator to mail to all Class Members a copy of the Notice, substantially in the form attached to the Stipulation as Exhibit A-3;

(b) Not later than May 7, 2016, which is ten (10) business days following the date of this Order Preliminarily Approving Settlement and Providing for Notice, Class Counsel shall cause the Settlement Administrator to have the Notice posted on www.SwiftBofASettlement.com;

(c) At least seven (7) calendar days prior to the Final Settlement Approval Hearing, Plaintiff's Counsel shall cause to be served on Defendants' counsel and filed with this Court proof, by affidavit or declaration, of such mailing.

5. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

6. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

7. Any Class Member who objects to any aspect of the Settlement, the Plan of Distribution,

3

the motion for a service award to the Class Representative, and/or the motion for attorneys' fees, costs and expenses to Class Counsel may appear and be heard at the Final Settlement Approval Hearing; provided, however, that any such Person must submit a written notice of objection not later than May 30, 2016, which is 45 days before the date set for the Final Settlement Approval Hearing, to each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> MIDDLE DISTRICT OF FLORIDA
> Bryan Simpson United States Courthouse
> 300 North Hogan Street
> Jacksonville, Florida 32202
>
> EPIQ SYSTEMS, INC.
> P.O. Box 3266
> Portland, OR 97208-3266

The written objections must contain a statement of the reasons for objection, and whether the Class Member intends to appear at the Final Settlement Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided in this paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Distribution or to the provision of a service award to the Class Representative, or to the award of attorneys' fees, costs and expenses to Class Counsel, unless otherwise ordered by this Court.

8. Defendants shall cause the payment of $1,000,000.00 to be transferred to the Escrow Agent within ten (10) calendar days after the later of: (i) the date this Order has been entered; or (ii) the date that Defendants receive instructions from Class Counsel referencing a taxpayer identification number for the Settlement Fund. These funds shall constitute the Settlement Fund. The Settlement Fund shall be held by the Escrow Agent until further order of this Court, except that prior

to the time this Court enters the Judgment, funds may be drawn upon the account to pay notice and administration costs. All costs and expenses incurred in connection with the administration of the Settlement shall be paid from the Settlement Fund, subject to approval from this Court.

9. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of this Court, and shall remain subject to the jurisdiction of this Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of this Court.

10. All papers in support of the Settlement, the Plan of Distribution, and any application by Class Counsel for attorneys' fees, costs or expenses shall be filed and served no later than ten (10) business days prior to the Final Settlement Approval Hearing, and all reply memoranda in support of such motions shall be filed and served no later than three (3) business days prior to the Final Settlement Approval Hearing.

11. Neither Defendants, the Released Parties nor Defendants' counsel shall have any responsibility for the Plan of Distribution or any application for attorney's fees, costs or expenses submitted by Class Counsel (other than responding in full to any inquiries from this Court regarding attorney's fees, costs or expenses applications by Class Counsel), and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

12. At or after the Final Settlement Approval Hearing, this Court shall determine whether the Plan of Distribution proposed by Plaintiff's Counsel and any application for attorney's fees, costs or expenses shall be approved.

13. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event this Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiff nor Class Counsel shall have any obligation to repay any amounts actually and properly incurred or

disbursed pursuant to the Stipulation.

14. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or as an admission or concession by Plaintiff that liability against Defendants did not exist or that the amount recoverable was not greater than the Settlement amount.

15. Pending approval of this Court of the Stipulation and its Exhibits, all proceedings in this Action, other than those preparatory to the Final Settlement Approval Hearing, shall be stayed.

16. Pending approval of this Court of the Stipulation and its Exhibits, all Persons shall be barred from prosecuting any Released Claim(s).

17. This Court retains jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. This Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**DONE AND ENTERED** at Jacksonville, Florida, this 27 day of April, 2016.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Amanda J. Allen, Esq.
John Yanchunis, Sr., Esq.
Adam J. Hunt, Esq.
Emily Rottmann, Esq.