UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RICHARD SWIFT,

       Plaintiff,

v.                                Case No. 3:14-cv-1539-J-20PDB

BANK OF AMERICA CORPORATION,
NB HOLDINGS CORPORATION and
FIA CARD SERVICES, N.A.,

       Defendants.

---

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, AWARDING
ATTORNEYS' FEES, COSTS AND EXPENSES TO CLASS COUNSEL,
AWARDING SERVICE AWARD TO CLASS REPRESENTATIVE
AND DISMISSING CASE WITH PREJUDICE**

---

This matter came before the Court for hearing on July 13, 2016 on Plaintiff's Motion for

Final Approval of Class Action Settlement (Doc. 42), and on Plaintiff's Motion for Approval of

Attorneys' Fees, Costs and Expenses and Service Award to Plaintiff as Class Representative (Doc.

43). Due and adequate notice having been given to the Class as required previously by this Court,

and the Court having considered all papers filed and proceedings had herein and otherwise being

fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED,

ADJUDGED AND DECREED that:

      1.     The Court, for purposes of this Final Judgment and Order of Dismissal with

Prejudice ("**Judgment**"), incorporates by reference the definitions in the Stipulation and

Agreement of Settlement dated April 19, 2016 ("**Stipulation**" or "**Stipulation and Agreement of**

Settlement"), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class, and the Settling Parties are hereby directed to perform its terms.  All objections to the Settlement, if any, are overruled in their entirety.

4.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Plaintiff and the Settlement Class Members, as against each and all of the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged against the Released Persons all Released Claims (including Unknown Claims) as well as all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action; provided, however, that if Defendants (a) fail to execute the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation, (b) fail to cause the Settlement Fund to be deposited with the Escrow Agent; or exercise their options to terminate the Stipulation pursuant to the Stipulation, such releases shall not apply to Defendants and Defendants shall not be  Released Persons.

6.      Upon the Effective Date, Plaintiff and each of the Settlement Class Members, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs,

executors, administrators, successors and assigns of each of them, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims; provided, however, that if Defendants (a) fail to execute the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation, (b) fail to cause the Settlement Fund to be deposited with the Escrow Agent; or exercise their options to terminate the Stipulation pursuant to the Stipulation, Plaintiff and each of the Settlement Class Members, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, shall not be so barred or enjoined with respect to claims against Defendants.

7.      Upon the Effective Date, Defendants and any other Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff, Settlement Class Members and Plaintiff's Counsel, in accordance with 15 U.S.C. s. 78u-4(f)(7)(A), from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action.

8.      The Notice of Pendency and Proposed Settlement of Class Action provided to the Settlement Class, including the postcard notice to all Settlement Class Members who were identified through reasonable effort, was the best notice practicable under the circumstances. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons

3

Case 3:14-cv-01539-HES-PDB   Document 45   Filed 07/20/16   Page 4 of 6 PageID 393

entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9.    The Plan of Distribution is approved as fair, adequate and reasonable.

10.    The Settlement Administrator is directed to administer the Settlement Fund in accordance with the terms of this order, the Stipulation, and the Notice of Pendency and Proposed Settlement of Class Action.

11.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission, or evidence, of any fault or omission of any Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be, or may be used as an admission, or evidence, that any claims asserted by Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    The Settlement Agreement contemplates Plaintiff's Counsel requesting a fee award of $250,000.00, which is 25% of the Settlement Fund.  Plaintiff's Counsel have filed a separate Motion for Approval of Attorneys' Fees, Costs and Expenses and Service Award to Plaintiff as

Class Representative (Doc. 43), which requests the Court approve this percentage. No Class Member has objected to Plaintiff Counsel's request for a payment of attorneys' fees, costs and expenses, and no Class Member has objected to the amount of the request. After considering the submission of Plaintiff in support of his motion, the Court finds that the requested fee award of $250,000.00 (25% of the common fund) is reasonable and should be approved. Moreover, the Court approves as reasonable Plaintiff's Counsel's costs and litigation expenses of $12,767.71, and settlement administration expenses to Epiq Systems, Inc. in the amount of $125,985.15.

13.     Pursuant to the Settlement Agreement, Plaintiff requests that this Court grant him a service award of $1,500.00 to compensate him for his time, commitment and expense spent on this litigation. Under the facts of this case, a payment of $1,500.00 to the Plaintiff, who served as the Class Representative, does not give rise to a conflict between the Representative and the Class, but instead is an appropriate measure of compensation both for the Plaintiff's time and in recognition of the public good the Plaintiff has accomplished through the present Settlement. Mr. Swift has played an active role throughout this litigation. He has participated in discovery, remained in contact with Plaintiff's counsel, and participated in mediation. Given this investment of time by Mr. Swift, the Court finds a service award of $1,500.00 to Mr. Swift is warranted and appropriate.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation of Settlement.

15.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation terminates according to its provisions, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, or this Judgment does not become Final within the time frames set out in the Stipulation or this order, as applicable, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, except that (1) any modifications, reversal, or vacation of the award of attorney's fees, costs and expenses to Plaintiff's Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Distribution, shall in no way disturb or affect any other part of this Judgment.

**IT IS SO ORDERED.**

**DONE AND ENTERED** at Jacksonville, Florida, this 20 day of July, 2016.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
John Allen Yanchunis, Sr., Esq.
Rachel Soffin, Esq.
Adam J. Hunt, Esq.
David J. Fioccola, Esq.
Sara F. Holladay-Tobias, Esq.

6